**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| MICHAEL COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-04230-CV-C-BP-SSA |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying

his application for disability insurance benefits ("DIB") and supplemental security income ("SSI").

For the following reasons, the Commissioner's decision is **AFFIRMED**.

## I.  BACKGROUND

Plaintiff Michael Cohen was born on August 29, 1967, and applied for DIB on November

7, 2018 and SSI on December 13, 2018.  (R. at 197–99.)  Prior to his alleged onset date of

September 19, 2018, Plaintiff had work experience as an industrial truck operator.  (R. at 23.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers

from a history of myocardial infarction, ischemic heart disease, peripheral vascular disease,

hypertension, sleep apnea, chronic obstructive pulmonary disorder ("COPD"), degenerative disc

disease, diabetes, stage III kidney disease, anxiety, depression, and a mild cognitive disorder.  (R.

at 12.)  However, the ALJ found that these problems were not medically equal in severity to one

of the listed impairments in 20 C.F.R. Part 404.  (R. at 13.)

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of Social Security during the pendency of this case and is
automatically substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

The ALJ then evaluated Plaintiff's Residual Functional Capacity ("RFC"). She found that, due to Plaintiff's impairments, Plaintiff can perform light work, with some exceptions: Plaintiff can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps or stairs, and stoop, kneel, crouch and crawl; he can frequently balance, handle, and finger; and he should avoid exposure to workplace hazards and pulmonary irritants. The ALJ also found that Plaintiff can carry out unskilled work, but must avoid work with strict hourly quotas, and can occasionally interact with others. (R. at 16.)

After formulating Plaintiff's RFC, the ALJ found that Plaintiff could not perform his past relevant work, but that he could perform a number of jobs that exist in significant numbers in the national economy, such as a marker, mail clerk, or router. (R. at 24.) Therefore, the ALJ concluded that Plaintiff is not disabled.

Plaintiff has now appealed the ALJ's determination, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the

2

decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015).

Plaintiff directs his arguments at the ALJ's formulation of his RFC, raising a number of issues with the ALJ's interpretation of the medical records. (Doc. 18, p. 17.) First, Plaintiff contends that the ALJ erred in failing to address his limitations in standing and walking. (Doc. 18, p. 9.) The Court disagrees. By limiting Plaintiff to light work (along with additional limitations), the ALJ incorporated the definition of light work in the Code of Federal Regulations, which provides that a person capable of light work can stand and walk, off and on, for approximately six hours of an eight-hour workday. 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ is not required to "mechanically list and reject every possible limitation" when formulating an RFC. *Nash v. Commissioner, Social Security Administration*, 907 F.3d 1086, 1091 (8th Cir. 2018) (citation omitted). Moreover, substantial medical evidence in the record supports the ALJ's conclusion; specifically, the ALJ cited the findings of Kevin Threkeld, M.D., who conducted a review of Plaintiff's medical records and found that Plaintiff could stand or walk for about six hours per workday. (R. at 22 (citing R. at 95).) While Plaintiff cites evidence that Plaintiff suffered some pain in his lower extremities due to neuropathy, (Doc. 18, pp. 10–11), this evidence is unavailing for two reasons. First, the mere existence of countervailing evidence is not enough to disturb an ALJ's conclusion, *Andrews*, 791 F.3d at 928; second, Plaintiff has not established that any pain he suffered due to his neuropathy is inconsistent with his ability to stand or walk for six hours per workday. Because a claimant bears the burden to prove that a limitation should be included in his RFC, his "failure to provide medical evidence with this information should not be held against the ALJ when there is medical evidence that supports the ALJ's decision." *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

Second, Plaintiff argues that the ALJ erred in concluding that Plaintiff's pain was adequately controlled by medication. (Doc. 18, pp. 11–12.) Specifically, the ALJ held that because there was no evidence that Plaintiff "followed up with his neurologist reporting the tramadol [Plaintiff received for his pain] was not effective," there was nothing in the Record to indicate that Plaintiff's pain was inadequately controlled. (R. at 21.) To contest this finding, Plaintiff cites treatment notes that post-date his tramadol prescription which reflect that Plaintiff reported significant pain, (*see* R. at 493, 510), but both of those sets of notes observed that Plaintiff was not in acute distress during his examination. (R. at 493, 513.) Moreover, it does not appear that Plaintiff ever requested to change medicines or an increase in dosage. Therefore, substantial evidence supports the ALJ's finding that Plaintiff's pain was controlled by medication, and "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

Third, Plaintiff takes issue with the ALJ's finding that Plaintiff could routinely walk unassisted. (Doc. 18, p. 12.) Plaintiff contends that because he reported at one of his examinations that he could only walk for five to ten minutes at a time, the ALJ erred in holding otherwise. (*Id*.; *see also* R. at 512 (Plaintiff estimates how long he can walk at a time).) But the ALJ cited several medical records indicating that Plaintiff could walk unassisted with a normal gait, (*e.g.,* R. at 392, 514), and the ALJ was certainly entitled to consider this evidence in assessing whether Plaintiff's symptoms were as severe as he claimed.

Fourth, Plaintiff contends that the ALJ failed to properly consider the impact that Plaintiff's multiple heart-related conditions have on his ability to stand and walk. (Doc. 18, pp. 13–14.) However, the ALJ acknowledged Plaintiff's heart problems—she simply concluded that they were not as disabling as Plaintiff claimed. (R. at 19.) The ALJ provided two reasons to support this

4

conclusion.  First, she noted that Plaintiff's treatment was conservative, and that treatment notes consistently indicate that Plaintiff's heart was operating fairly normally.  (R. at 541 (Plaintiff's "cardiac exam [is] normal" and "[a]ll in all, he is stable"); 547 (Plaintiff's heart exhibited "[n]ormal rate and rhythm").)  Second, and relatedly, the ALJ found that Plaintiff consistently denied experiencing the very symptoms—including shortness of breath, dizziness, and fatigue—which he now claims are disabling.  (R. at 391 (Plaintiff "[d]enies dizziness and light-headedness"); 486 (Plaintiff "certainly offers no symptom of exertional complaints"); 545 (Plaintiff "denies any exertional complaints of chest pain or shortness of breath").)  This is substantial evidence to support the ALJ's conclusion that Plaintiff's cardiac problems are not disabling.

Fifth and finally, Plaintiff complains that the ALJ erred in failing to give credence to his testimony at the hearing that he was exhausted and had chest pain and shortness of breath.  (Doc. 18, pp. 13–14.)  But a claimant's "[s]ubjective complaints may be discounted if the evidence as a whole is inconsistent with the claimant's testimony."  *Hamilton v. Astrue,* 518 F.3d 607, 613 (8th Cir. 2008) (quoting *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994)).  For the reasons discussed in the preceding paragraph, there was substantial evidence that Plaintiff did not experience debilitating shortness of breath or other cardiac symptoms, and therefore the ALJ did not err in failing to incorporate his asserted limitations into the RFC.

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's

determination of Plaintiff's RFC.  Consequently, the Commissioner's final decision denying

benefits is **AFFIRMED**.

**IT IS SO ORDERED.**


                                                    /s/ Beth Phillips
                                                    BETH PHILLIPS, CHIEF JUDGE
**DATE**: February 7, 2022                          UNITED STATES DISTRICT COURT